UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH C. SCHREIBER, MARY JANE
LAMBERT, and GEORGE H. VANTINE,
and others on behalf of themselves and a
similarly situated class,
      Plaintiffs,

v.

                                 Case No. 07-10246

PHILLIPS DISPLAY COMPONENTS
COMPANY and PHILLIPS ELECTRONIC    Honorable Patrick J. Duggan
NORTH AMERICA CORP., and PHILLIPS
PACE,
      Defendant(s).
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO TAX COSTS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 14, 2008.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Kenneth C. Schreiber, Mary Jane Lambert, George H. Vantine, and those persons listed in Exhibit A of "Plaintiffs' First Amended Class Action Complaint with Jury Demand" (collectively "Plaintiffs") filed this lawsuit against Phillips Display Components Company ("PDC"), Phillips Electronics North America Corp. ("PENAC"), and Phillips PACE ("PACE")(collectively "Defendants" or "Phillips"), on January 16, 2007, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiffs, on behalf of themselves and a

putative class of similarly situated persons, sought a declaratory judgment that Defendants are obligated to provide retiree health care benefits. In addition, Plaintiffs sought injunctive relief and monetary damages. On October 16, 2007, this Court granted Defendants summary judgment and entered a judgment dismissing Plaintiffs' Complaint. Presently before this Court is Defendants' Motion to Tax Costs Pursuant to 28 U.S.C. § 1920. On December 28, 2007, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Defendants' motion. *See* E.D. Mich. LR 7.1(e)(2).

## I. Relevant Statutory Provision and Local Rule

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Sixth Circuit has held that Rule 54(d)(1) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The corresponding local rule states:

> A party seeking costs must file a bill of costs no later than 28 days after the entry of judgment. The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's web site.

E.D. Mich. LR 54.1.[1]

---

[1] According to Local Rule 54.1 and the Bill of Costs Handbook, counsel must seek costs from the Clerk and it is the Clerk who taxes costs. *See* E.D. Mich. LR 54.1; *see also* Bill of Costs Handbook § 1 ("If counsel are unable to agree as to the amount of costs, it will be the duty of the Clerk, or the Clerk's designee, to tax all allowable costs to be included in the judgment upon the filing of a proper request for taxation of costs.") Moreover, the Bill of Costs Handbook states that "[a]fter the taxation clerk has taxed

2

The Bill of Costs Handbook sets forth the following seven separate categories of costs that are taxable to the losing party:

1. Fees of the clerk;

2. Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case;

3. Fees for witnesses;

4. Fees for service of summons and subpoena;

5. Fees and disbursements for printing;

6. Fees for exemplification and copies of papers obtained for use in the case; and

7. Other costs.

## II. Discussion

There is no dispute that Defendants prevailed in this action. As the prevailing parties, Defendants seek costs for court reporter fees in the amount of $1,033.55 for four copies of deposition transcripts as well as postage, and for photocopying and exemplification costs in the amount of $168.90,[2] for a total of $1,202.45. Defendants

---

costs, counsel for either side may, within five (5) days, file a motion to review the action of the taxation clerk and request review by the court." Bill of Costs Handbook §1, para. 6. Here, counsel for Defendants filed its motion to tax costs directly with the Court without first filing a Bill of Costs with the Clerk. While the Court does not wish to condone counsel for Defendants' actions, it will nevertheless determine whether the costs sought by Defendants are appropriate, because, given Plaintiffs' current position, it would have been necessary to determine whether any cost award was appropriate.

[2]Originally, Defendants sought $337.80 for photocopying and exemplification costs. In their reply brief, however, Defendants state that "in the spirit of cooperation, [they] will voluntarily reduce their claim for copying costs to $168.90 (the [$].10 per page charge requested by plaintiffs)." (Dfts.' Rep. Br. at 1 n. 1.)

3

have submitted a Bill of Costs reflecting these amounts. (*See* Dfts.' Mot. Ex. A.)

The Court concludes that Plaintiffs have failed to overcome the presumption of an award of costs in this case. Nevertheless, in their response brief, Plaintiffs contend that the reasonable costs associated with the deposition transcripts are: $325.00 for the Grismore deposition transcript; $157.50 for the Horstman deposition transcript; $215.30 for the Johnson deposition transcript; and $222.50 for the Atzinger deposition transcript (for a total of $920.30). The Court agrees with Plaintiffs and finds that these amounts are reasonable. Therefore, the Court will tax costs in the amount of $1089.20 ($920.30 + $168.90).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Tax Costs is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall pay to Defendants $1089.20 in costs.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
David W. Zoll, Esq.
Lisa M. Smith, Esq.
Greg V. Mersol, Esq.
David A. Posner, Esq.